PER CURIAM.
The single point presented on this appeal urges that the trial court erred in denying defendant’s motion to suppress evidence obtained through a claimed unreasonable search and seizure. The record shows that a police officer stopped the defendant and spoke to him upon observing the defendant riding a bicycle slowly through a residential area in the very early morning hours. It appears without controversy that while speaking to the defendant, the officer became cognizant of a strong odor of marijuana and saw a clear, plastic bag containing a brown substance protruding from the de *606 fendant’s shirt pocket. The officer thereupon arrested the defendant and took possession of the contraband.
Defendant claims that the stop and subsequent confiscation of the contraband was illegal, relying on the principle set forth in Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976).
We hold that no unreasonable search appears in this record and that the fact that the police officer stopped the appellant to speak to him, under the circumstances of this case, was not an infringement of defendant’s Fourth or Fourteenth Amendment rights. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); and Wilson v. Porter, 361 F.2d 412 (9th Cir. 1966). See also Wigfall v. State, 323 So.2d 587 (Fla. 3d DCA 1975); and cf. U. S. v. Alien, 472 F.2d 145 (5th Cir. 1973).
Affirmed.