366 So.2d 1162 (1978)
Jack MULLINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 53394.
Supreme Court of Florida.
December 7, 1978.
Rehearing Denied February 22, 1979.
Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and Calvin L. Fox and Ronald A. Dion, Asst. Attys. Gen., Miami, for respondent.
SUNDBERG, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, in Mullins v. State, 353 So.2d 605 (Fla. 3d DCA 1977), which allegedly conflicts with Coladonato v. State, 348 So.2d 326 (Fla. 1977), and Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976). The issue presented is whether a policeman may stop and question a person on a bare suspicion of illegal activity. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
A police officer observed petitioner riding a bicycle slowly through a residential area in the very early morning hours. The officer stopped petitioner and asked him his name and what he was doing in the area. During this conversation the officer became cognizant of a strong odor of marijuana and saw a clear, plastic bag containing a brown substance protruding from petitioner's shirt pocket. Petitioner was thereupon arrested and the contraband seized.
An information was filed charging petitioner with possession of cannabis. Petitioner filed a motion to suppress which was subsequently denied. On appeal the District Court of Appeal, Third District, affirmed, holding the search reasonable under the circumstances. Petitioner contends the stop and subsequent confiscation of the contraband was illegal under the authority of Coladonato v. State, supra.
*1163 We agree that our opinion in Coladonato v. State, supra, is dispositive of the issue before us. In that case a policeman stopped a van merely because "it was an unusual vehicle to be in the area at that time of night." In holding the detention invalid, this Court adopted the language of then District Court Judge Alderman in his dissent in Coladonato v. State, 335 So.2d 317 (Fla. 4th DCA 1976):
While it is well established that a police officer may stop a vehicle to question its occupants on less than probable cause, e.g., Gustafson v. State, 243 So.2d 615 (Fla. App. 4th 1971), rev. on other grounds 258 So.2d 1 (Fla. 1972), aff. 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973); Wilson v. Porter, 361 F.2d 412 (9th Cir.1966), it is equally well recognized that he may not do so arbitrarily or on a bare suspicion that the occupants are violating the law. Kersey v. State, 58 So.2d 155 (Fla. 1952); Gustafson v. State, supra; State v. Ebert, 251 So.2d 38 (Fla.App. 2nd 1971); Wilson v. Porter, supra; see, Fla. Stat. § 901.151(2) (1975).
335 So.2d at 317.
Petitioner's actions here were clearly insufficient to give rise to anything more than a bare suspicion of illegal activity. Bailey v. State, 319 So.2d 22 (Fla. 1975); Vollmer v. State, supra. Thus the mandate of Coladonato requires that the evidence seized as a result of the illegal stop be suppressed.
Accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal, Third District, is quashed, and this cause is remanded to the District Court of Appeal, Third District, with directions to remand to the trial court for proceedings not inconsistent with the views expressed herein.
It is so ordered.
ADKINS, Acting C.J., and BOYD and HATCHETT, JJ., concur.
ALDERMAN, J., concurs specially with an opinion with which BOYD, J., concurs.
ALDERMAN, Justice, concurring specially.
I concur with the majority holding that the evidence seized under the particular circumstances of this case should be suppressed because it was obtained as a result of an illegal stopping of the defendant. I recognize, however, that instances will arise where there will be legitimate contact between a police officer and a citizen, not based upon "founded suspicion" or "probable cause," which may result in the subsequent arrest of the citizen for a crime detected by the police officer as a result of the legitimate contact. For example, a police officer in the performance of his duty may stop to assist a motorist who has a flat tire or may stop a woman bicyclist at night to warn her of the presence of a rapist in the area. If during these legitimate encounters with the motorist or the woman, the police officer observes stolen stereo equipment in the motorist's automobile or smells the odor of marijuana emanating from the woman and sees a plastic bag containing what appears to be marijuana protruding from her pocket, he may lawfully seize the evidence.
There are innumerable instances of this nature which could arise. The difference between these examples and the present case is that the police officer in this case was not attempting to assist the defendant in any way but had stopped him on a bare suspicion that he was violating the law.
BOYD, J., concurs.