428 A.2d 620

**R. W. KING, INC., Appellant,**

**v.**

**Salvatore ALTADONNA, d/b/a Altadonna & Sons Cement Contracting.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 10, 1981.

Robert C. Ward, Erie, for appellant.

Frank L. Kroto, Jr., Erie, for appellee.

Before CERCONE, President Judge, and WIEAND and SHERTZ, JJ.

WIEAND, Judge:

R. W. King, Inc., the claimant in a mechanic's lien proceeding, appeals from an order denying its motion to amend the caption of the lien claim by adding thereto the names of the owners which were alleged in the body of the claim. We conclude that the order appealed from is interlocutory and quash the appeal.

Appellant was the roofing subcontractor for new construction of a cement block building on premises owned by Byron E. and Lorraine M. Whiteman at 2510 Powell Avenue, Millcreek Township, Erie County. The general contractor, Salvatore Altadonna, doing business as Altadonna & Sons Cement Contracting, failed to pay the claimant for work in

the amount of $2,950, and claimant filed formal notice of an intent to file a mechanic's lien. The caption of the notice identified the Whitemans as owners and Altadonna as contractor. It was filed in the Office of the Prothonotary of Erie County on October 5, 1979 and was served on the owners by registered mail on the same day. On November 5, 1979, appellant caused a lien claim to be filed, and a copy thereof was served on the Whitemans by the Sheriff of Erie County on November 27, 1979. The caption of the claim was "R. W. King, Inc. v. Salvatore Altadonna, t/a Altadonna & Sons Cement Contracting." The body of the claim, however, was as follows: "R. W. King, Inc. .... files this claim for the sum of $2,950.00, together with interest from July 7, 1979, and costs against Byron E. and Lorraine M. Whiteman, owners, and against Salvatore Altadonna, trading as Altadonna & Sons Cement Contracting, the general contractor, and against all that certain cement block building and appurtenances ... commonly known as a place of business for Whiteman's Contracting, 2510 Powell Avenue, Erie, Pennsylvania...." The Whitemans were also identified specifically as owners in the second paragraph of the claim. A motion to amend the caption of the claim to include the names of the owners was filed on January 21, 1980 and denied by the court on February 1, 1980.

A mechanic's lien is a creature of statute. The contents of a lien claim are mandated by Section 503 of the Mechanics' Lien Law of August 24, 1963, P.L. 1175, No. 497, § 503, 49 P.S. § 1503.[1] A reading thereof does not disclose that the form of the *caption* is determinative of a claim's validity. What is required, inter alia, is that the *claim* state: "the name and address of the owner or reputed owner ...," as well as a "description of the improvement and of the property claimed to be subject to the lien...."

The trial court's order, which denied the motion to amend the caption of the claim, did not determine the merits of

---

1. The Rules of Civil Procedure pertaining to mechanic's lien proceedings relate only "to the procedure between the filing of the lien and reduction of the claim to judgment." Pa.R.C.P. No. 1651(b) and accompanying note of committee.

appellant's lien claim. On the contrary, that claim remains open and undetermined in the Court of Common Pleas of Erie County.

"By a veritable multitude of decisions it has been established that, unless a special right to appeal is expressly given by statute, an appeal will lie only from a definitive order, decree, or judgment which finally determines the action.... [This] court cannot assume such appellate jurisdiction even by consent of the parties.... Nor is an order, judgment or decree final unless it terminates the litigation between the parties to the suit by precluding a party from further action in that court." *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 317–18, 95 A.2d 776, 776–77 (1953). An order refusing to permit the caption of litigation to be amended is interlocutory and unappealable. *Stanford v. Casasanta*, 437 Pa. 429, 263 A.2d 326 (1970).

The appeal is quashed.

SHERTZ, J., files a concurring opinion in which CER-CONE, President Judge, joins.

SHERTZ, Judge, concurring:

As pointed out by the Civil Procedural Rules Committee of the Supreme Court of Pennsylvania:

"The procedure governing the filing of a (Mechanics' Lien) claim is provided by the Mechanics' Lien Law of 1963, 49 P.S. 1101 et seq."

See: Note of the Committee accompanying Pa.R.C.P. No. 1651(b). That procedure, as it pertains to the instant case, requires that:

"The claim shall state:

. . . . .

(2) The name and address of the owner or reputed owner;
. . ."

Act of August 24, 1963, P.L. 1175, No. 497, Art. V, 503, 49 P.S. 1503(2).

Appellant's Mechanics' Lien Claim, timely filed and promptly served on owners-appellees, Byron E. and Lorraine M. Whiteman, stated their names in the introductory and second paragraphs thereof, and, in the latter paragraph, set forth appellees' address.[1] Appellant thereby was in "substantial compliance"[2] with the Mechanics' Lien Law, and appellant's *Motion To Amend Complaint* (sic) was therefore superfluous and unnecessary.

The Order of the Court below, denying said Motion, does not terminate nor otherwise affect appellant's lien claim against the Whitemans and is, therefore, interlocutory. Consequently, I agree that the appeal should be quashed.

CERCONE, President Judge, joins in this concurring opinion.

---

1. The "caption" of the claim, however, did not include appellees' name or address.

2. See: *Teasauro v. Baird*, 232 Pa.Super. 185, 335 A.2d 792 (1975).