PER CURIAM.
The judgment of conviction for carrying a concealed firearm and the order of probation entered thereon are reversed and the cause is remanded to the trial court with directions to discharge the defendant from the cause. The trial court erred in denying the defendant’s pre-trial motion to suppress the firearm seized from the defendant’s person by the police. This weapon, we hold, was inadmissible in evidence because it constituted the fruit of an unreasonable search and seizure conducted in violation of the defendant’s rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12 of the Florida Constitution.
The arresting police officer testified below that she stopped the defendant herein as he was walking down the street late at night (11:55 P.M.) with a companion in a Miami warehouse area “curiously looking at the businesses in the area.” (Tr. 4). Plainly, this showing, without more, was insufficient to give rise to anything more than a bare suspicion of criminal activity, thereby rendering the stop and subsequent search of the defendant unreasonable within the meaning of the above constitutional provisions. Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); Mullins v. State, 366 So.2d 1162 (Fla.1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979); Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983); Parker v. State, 363 So.2d 383 (Fla. 3d DCA 1978); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976), cert. discharged, 347 So.2d 432 (Fla.1977).
Reversed and remanded.
JORGENSON, J., concurs in the result.