493 So.2d 59 (1986)
Jonathan Nate KIRK, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1702.
District Court of Appeal of Florida, Second District.
August 22, 1986.
James Marion Moorman, Public Defender and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The dispositive issue in this appeal is whether the police had a sufficiently well-founded suspicion to stop the defendant for questioning.
The defendant was stopped by the police as he rode his bicycle through a residential neighborhood shortly after midnight. The defendant passed by a police cruiser but, according to testimony of the officers, did not speed up or change direction at the sight of the cruiser. There were no recent reports of crimes being committed in that area and no unusual circumstances were reported by the police officers who testified at the hearing. According to the officers, *60 the defendant was stopped merely because the area he was riding in was a high crime area, the Auburndale Police Department has a policy to stop and identify persons on the street late at night and the bicycle had no reflectors or lights. After questioning by the police, the defendant confessed to the burglary of a restaurant earlier that evening.
We reverse the conviction on the authority of Mullins v. State, 366 So.2d 1162 (Fla. 1979), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113. Florida's Stop and Frisk law requires that the police have a well-founded suspicion that an individual has committed, is committing or is about to commit a crime. Freeman v. State, 433 So.2d 9 (Fla. 2d DCA 1983). The police may not stop an individual arbitrarily or on a bare or mere suspicion of illegal activity. Mullins, supra. The actions of the defendant were not sufficient to give rise to anything more than a bare suspicion of illegal activity. Thus the evidence seized and the statements of the defendant which resulted in his conviction must be suppressed and the judgment of the trial court reversed.
We remand to the trial court for further proceedings consistent with this opinion.
GRIMES, A.C.J., FRANK, J., and PATTERSON, DAVID F., Associate Judge, concur.