PER CURIAM.
The respondent-appellant was adjudicated delinquent based on a finding that he *1321 had carried a concealed firearm. We reverse because, as the state has itself all but formally conceded, the officer’s pat down of W.R.A.’s person, which revealed the weapon, was supported neither by a founded suspicion that he was involved in criminal activity, State v. Levin, 452 So.2d 562 (Fla.1984), affirming, 449 So.2d 288 (Fla. 3d DCA 1983); Mullins v. State, 366 So.2d 1162 (Fla.1978), cert. denied, 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113; Hudnell v. State, 449 So.2d 930 (Fla. 3d DCA 1984), nor by a reasonable belief that he was armed. See Redfin v. State, 453 So.2d 425 (Fla. 5th DCA 1984); Baldwin v. State, 418 So.2d 1219 (Fla. 2d DCA 1982). The firearm in question should therefore have been suppressed.
Reversed.
SCHWARTZ, C.J., and DANIEL S. PEARSON, J., concur.