559 So.2d 295 (1990)
Eugene L. FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-963.
District Court of Appeal of Florida, First District.
March 29, 1990.
*296 Michael E. Allen, Public Defender and Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia A. Sample, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Eugene L. Freeman has appealed from the denial of his motion to suppress, following a plea of nolo contendere to a charge of possession of cocaine. We affirm.
At 1:00 A.M. on the morning of September 3, 1988, a police officer on routine patrol observed an occupied vehicle, backed into some woods and parked with the lights off. The vehicle was located near the parking lot of a lounge from which complaints of drug activity had been received, and across the street from the site of two recent burglaries. Slightly farther away was a convenience store which had recently been the site of two strongarm robberies. When the officer shone his floodlight into the vehicle, he observed Freeman raising up in the front passenger seat as though putting something in his pants.
The officer approached the vehicle and requested its occupants to exit, at which time he obtained identification from all of them. He then asked Freeman for his consent to a search, and Freeman responded, "Sure, go ahead." The officer commenced a patdown search of Freeman's clothing, and felt a hard object at the waistband of his pants. Believing the object might be a weapon such as a razor blade, he ordered Freeman to unzip his pants. A foil packet was revealed, which was later found to be cocaine.
After a hearing on Freeman's motion to suppress this evidence, the trial court found that the totality of the circumstances warranted a founded suspicion of criminal activity so as to justify the detention. The court further found that, even if the detention were illegal, the appellant had voluntarily consented to the search so that the motion should be denied.
We note first of all that the determinations of a trial court in considering a motion to suppress come to an appellate court clothed with a presumption of correctness, and a reviewing court will interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to such ruling. State v. Pye, 551 So.2d 1237, 1239 (Fla. 1st DCA 1989).
In determining whether an officer possesses a reasonable or well-founded suspicion of criminal activity so as to justify an investigatory stop, "the totality of the circumstances  the whole picture  must be taken into account." Pye at 1239, citing Tamer v. State, 484 So.2d 583 (Fla. 1986). Thus, even if none of the facts standing alone would give rise to a reasonable suspicion, when taken together, as *297 viewed by an experienced officer, they can provide clear justification for a brief detention. Pye at 1238 (emphasis in original).
Although reasonable persons might differ regarding whether the circumstances observed by a police officer provide founded suspicion that criminal activity was afoot, certain other factors may be considered in determining the possibility of criminal activity. Those facts include the time of day, the day of the week, the location, the physical appearance of the suspect, the behavior of any vehicle involved, or anything unusual in the situation as interpreted in light of the officer's knowledge. Pye at 1238.
While the cases are legion that presence in a high crime area, even when coupled with furtive movement, do not justify an investigatory stop, see, e.g., Baggett v. State, 531 So.2d 1028 (Fla. 1st DCA 1988), Daniels v. State, 543 So.2d 363 (Fla. 1st DCA 1989), in this case an occupied vehicle was backed into a wooded area at 1:00 A.M., in an area not merely known generically as "high crime," but where identifiable crimes had recently been committed. Further, the appellant was observed, not making a quick furtive movement, but raising his entire body in the seat of the car as though putting something in his pants. Given the time of day, the general location, the specific location of the vehicle, and appellant's observed movements, we find that the investigatory stop herein was justified.
Because the stop was not tainted by illegality, the state has only to show by a preponderance of the evidence that subsequent consent to search was voluntary. Rodriguez v. State, 519 So.2d 1079 (Fla. 1st DCA 1988). Here, the officer asked for, and was given, consent to search the appellant. There was nothing in the evidence from which it could be inferred that, prior to that consent, appellant was given the impression that search was inevitable, regardless of refusal.
Affirmed.
SHIVERS, C.J., concurs.
ZEHMER, J., dissents with opinion.
ZEHMER, Judge (dissenting).
I must respectfully dissent. The majority opinion affirms the detention and search in this case reasoning that the officer had a reasonable or well-founded suspicion of criminal activity to justify an investigatory stop. I cannot find any evidentiary support for that finding in this record.
Section 901.151, Florida Statutes (1989), provides that a law enforcement officer may temporarily detain any person encountered "under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county... ." This statute means that a temporary detention must be based on an articulable suspicion that the person has committed, is committing, or is about to commit some specific criminal act. Were the statute to require only a general suspicion of some unidentifiable criminal activity, it would violate the constitutional prohibition against detaining a person without an objective justification. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Neither the trial court's order nor the majority opinion in this case undertakes to identify any specific criminal offense the officer could reasonably have suspected appellant of having committed, committing, or being about to commit. Nor did the officer's testimony attribute any particular criminal conduct on appellant's part. Furthermore, the record does not contain any articulable fact that would support any such inference.
The majority opinion finds the fact that appellant raised his body as though he were putting something in his pants to be significant. Not only do I disagree that this fact can support an inference that appellant was about to commit, was committing, or had committed any specific offense,[1] I do not believe it distinguishes this case from a long line of cases holding that presence in a high crime area, even when coupled with a furtive movement, does not *298 justify an investigatory stop. See G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985) ("an officer who observes a car parked in a high crime area and then sees one of the occupants make a quick movement may have his suspicions aroused, but he does not have the `founded' suspicion necessary to legally detain the person for the purpose of further investigation"). See also Gipson v. State, 537 So.2d 1080 (Fla. 1st DCA 1989); Baggett v. State, 531 So.2d 1028 (Fla. 1st DCA 1988). The majority opinion seems to suggest that anyone parking in the woods near a high-crime area with their lights off at 1:00 A.M. can be presumed to be involved in criminal conduct. I do not accept that the statute or our state and federal constitutions authorize detention where the only basis for the officer's suspicion is such a generalized presumption of criminal conduct.
Having found the original detention invalid, it follows that the consent said to have been given after the detention is likewise invalid. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
The order denying suppression of the evidence should be reversed.
NOTES
[1] Appellant might well have been putting his car keys in his pants pocket for all anyone knows.