566 So.2d 926 (1990)
STATE of Florida, Appellant,
v.
Michael Anthony JENKINS, Appellee.
No. 89-03346.
District Court of Appeal of Florida, Second District.
September 14, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellee.
HALL, Judge.
The state challenges the order granting the motion to suppress filed by the appellee Michael A. Jenkins. We reverse.
The appellee was charged by information with burglary and petit theft. He filed a motion to suppress evidence and statements on the ground that the officer who stopped him had no founded suspicion that he was engaged in criminal activity. At the motion to suppress hearing, Officer Gregory Smith testified that he stopped the appellee, who was riding a bicycle, because he found it suspicious that at 1:30 a.m. the appellee was coming from the business section of town, where there were no vehicles or activity or businesses open, balancing a large cardboard box full of some sort of property and a plastic garbage bag "overflowing out of the box" on the handlebars. Upon exiting his patrol vehicle, Officer Smith saw some cigarettes and candy in the box. He requested and was granted permission to look into the plastic bag that was in the box. In that bag he found rolled coins. Officer Smith asked the appellee where he had gotten these items, and the appellee responded that he had found them in a dumpster by a fish market. Officer Smith's suspicions were further *927 aroused by the appellee's response because the candy was cold. At this point, another officer arrived and advised Officer Smith, in response to Smith's previous radio request for another officer to assist in checking whether a burglary had occurred in the area, that a burglary had been committed two blocks south of where Smith had stopped the appellee. Smith testified that the appellee had been riding from that direction when he stopped him. The owner of the business that was burglarized was contacted and approximately an hour later, identified the cigarettes, candy, and rolls of coins as the property stolen from his business.
At the close of the suppression hearing, the trial court found that the appellee had been stopped as defined in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), but that the circumstances did not provide a sufficient basis upon which Officer Smith could have formulated a founded suspicion of criminal activity on the part of the appellee. The court thus found that the stop of the appellee was not legal and granted the appellee's motion to suppress. The state then filed this timely appeal.
We agree with the trial court insofar as it found that Officer Smith did not merely request a consensual encounter with the appellee, he stopped him. Our agreement is based on the fact that under the circumstances a reasonable person would not have believed he was free to leave. State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989). Officer Smith testified that he said something to the effect of "Hold on, stop" to the appellee and that if the appellee had tried to elude him he would have given chase. These circumstances differ from those held to constitute only a consensual encounter in State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989), wherein the officer drove alongside a bicyclist riding down the street and asked if he might speak with him for a minute. See also Graham v. State, 495 So.2d 852 (Fla. 4th DCA 1986) (consensual encounter found where officers pulled alongside the appellant, who was riding a bicycle, and inquired as to his identity).
We disagree with the trial court insofar as it found that the circumstances could not provide the basis for a founded suspicion of criminal activity. We recognize that our supreme court has held that the circumstances of a person slowly riding a bicycle through a residential area in the very early morning hours do not give rise to more than a bare suspicion of illegal activity and that, therefore, a stop of that person is not legally justified. Mullins v. State, 366 So.2d 1162 (Fla. 1978). We also recognize the similarity between the circumstances in Mullins and those in the instant case. We have directed that in such a borderline case as this
the following factors should be evaluated to determine whether the circumstances reasonably suggested that the suspect was involved in criminal activity: the time, the day of the week, the location, the suspect's physical appearance, the suspect's behavior, the appearance and manner of operation of any vehicle involved, and anything incongruous or unusual in the situation as interpreted in the light of the officer's knowledge.
State v. Kibbee, 513 So.2d 256, 258 (Fla. 2d DCA 1987) (citation omitted).
Evaluating these factors in light of the circumstances of this case we find that the cumulative impact of those circumstances provides a sufficient basis for the formulation of a founded suspicion of criminal activity on the part of the appellee. Unlike the suspect in Mullins, the appellee was not merely riding a bicycle in the early morning hours, he was doing so with a box overflowing with some sort of property propped on the handlebars, coming from the business district where no businesses were open and no other activity was occurring.
Accordingly, we reverse the order of suppression and remand for proceedings consistent herewith.
Reversed and remanded.
RYDER, A.C.J., and ALTENBERND, J., concur.