574 So.2d 243 (1991)
Kenneth D. HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 90-523.
District Court of Appeal of Florida, First District.
January 31, 1991.
*244 Spiro T. Kypreos, Pensacola, for appellant.
Robert A. Butterworth, Atty. Gen., Ed Hill, Asst. Atty. Gen., Craig Mundy, Certified Legal Intern, for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences imposed for multiple counts of burglary and grand theft. We find that the court erred by declining to suppress evidence which was the product of an unlawful search, and we therefore reverse appellant's convictions and vacate the sentences.
The testimony below established that a law enforcement officer encountered appellant and a juvenile riding their bicycles in a light rain at approximately 2:00 or 2:30 a.m. Appellant and the juvenile were riding single file, with the juvenile in front carrying a small portable television on his handlebars. The encounter occurred in the vicinity of a golf course, a housing subdivision, several businesses which were closed at that time of the morning, and a trailer park. The officer was on patrol, and upon observing that appellant and the juvenile seemed to be in a hurry he stopped his patrol vehicle at an intersection to ask appellant and the juvenile "where they were going" and "what they were up to." When the officer exited his vehicle he observed that the juvenile's jacket appeared to be "bulging." Another officer arrived on the scene, and the first officer frisked the juvenile. Appellant was also frisked, and the juvenile and appellant were then both directed to empty their pockets.
Appellant relies on cases such as Mullins v. State, 366 So.2d 1162 (Fla. 1979), cert. denied 444 U.S. 883, 100 S.Ct. 173, 62 L.Ed.2d 113 (1979), Kirk v. State, 493 So.2d 59 (Fla. 2d DCA 1986), Levin v. State, 449 So.2d 288 (Fla. 3d DCA 1983), approved in State v. Levin, 452 So.2d 562 (Fla. 1984), and Lewis v. State, 382 So.2d 1249 (Fla. 5th DCA 1980), in arguing that the initial stop was constitutionally impermissible. However, we find that the present case is more like State v. Jenkins, 566 So.2d 926 (Fla. 2d DCA 1990), and that the circumstances which the officer observed were sufficient to create a founded suspicion of criminal activity so as to justify a temporary stop in accordance with section 901.151, Florida Statutes.
The predicate foundation for a stop does not in itself justify a frisk of the stopped individuals. See State v. Webb, 398 So.2d 820 (Fla. 1981). Webb and numerous other cases do permit a protective pat-down frisk in connection with an investigatory stop when the officer has a reasonable suspicion or belief that the individual is armed. But in the present case the officer did not express any belief that either appellant or the juvenile was armed,[1] and admitted that he routinely performs a "safety frisk" in any "contact situation." A protective frisk which is merely based upon *245 such routine practice, in the absence of a proper factual predicate, is constitutionally impermissible. Redfin v. State, 453 So.2d 425 (Fla. 5th DCA 1984); see generally, Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). Although the officer observed a bulge in the juvenile's jacket, he did not observe any bulges in appellant's clothing and the frisk of appellant's person was inappropriate. Furthermore, even when a basis for a protective frisk does exist the intrusion must be limited to an external pat-down of the individual. See Sibron; cf., Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The officer's additional directive for appellant to empty his pockets, when there was no indication of a weapon contained therein, exceeded the scope of a protective pat-down and was also constitutionally impermissible. See Blair v. State, 563 So.2d 824 (Fla. 2d DCA 1990); Sanchez v. State, 516 So.2d 1062 (Fla. 3d DCA 1988); see also, Piediscalzo v. State, 549 So.2d 255 (Fla. 2d DCA 1989).
Since the search of appellant's person was unlawful, the physical evidence and statements derived therefrom should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The judgments of conviction are reversed and the sentences vacated, and the cause is remanded.
BOOTH and MINER, JJ., concur.
NOTES
[1] Although the officer observed a bulge in the juvenile's jacket, when asked whether he thought the juvenile had a weapon the officer stated, "I didn't know... . I didn't feel like that it was a gun or anything like that. I really had no idea what it was." The officer noted that he always performs a safety frisk "in a contact situation like that," and acknowledged that he had not received a report of anything being stolen in the area. Upon being asked whether there was anything about appellant's "jacket, the way he was wearing it" to suggest that appellant had a weapon, the officer responded "no."