614 So.2d 551 (1993)
STATE of Florida, Appellant,
v.
Shane BANFIELD, Appellee.
No. 92-02201.
District Court of Appeal of Florida, Second District.
January 27, 1993.
Rehearing Denied March 15, 1993.
*552 Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The state of Florida challenges the trial court's order granting defendant's motion to suppress. In this case, defendant was charged with multiple counts of burglary and with resisting arrest without violence. The suppressed evidence consisted of a flight bag and inculpatory statements defendant subsequently made. The state argues that the stop, detention and search were all valid. We agree and accordingly reverse the trial court's order.
We agree that the stop of defendant and his companion was not pretextual. Officer Stephens testified at the suppression hearing that he saw defendant and his companion traveling together on bicycles at 2:30 a.m. The two disregarded a stop sign in violation of section 316.2065(1), Florida Statutes (1991). Moreover, neither bicycle was equipped with lights as required by section 316.2065(8). Although it is unclear whether Officer Stephens issued a citation for running the stop sign, it appears that he did issue one for no lights on the bicycles. Stephens also testified that it was his practice to issue such equipment citations. Under these circumstances, the stop was *553 not pretextual. Kehoe v. State, 521 So.2d 1094 (Fla. 1988).
Although this court in Kirk v. State, 493 So.2d 59 (Fla. 2d DCA 1986) held that the act of riding a bicycle at night without lights in a high crime area is insufficient to justify a stop, we conclude that Kirk is distinguishable from the instant case. In Kirk, there was no evidence that the defendant was issued a citation for the violation or that it was the officer's practice to issue citations for such violations. Moreover, the instant defendant, unlike the defendant in Kirk, had also run through a stop sign.
Next, we agree that the detention of defendant was proper. During the course of the stop, Officer Stephens noticed that defendant was carrying what appeared to be a flight bag. Whether or not Stephens was justified in thinking that the bag appeared to be a woman's, the bag and two name tags on it were in plain view, as the state points out. We do not see how the mere act of reading a name tag in plain view constitutes an unreasonable detention. And once Stephens saw the name Ms. Drysdale on the two tags, rather than defendant's name, surely he was entitled to ask defendant for an explanation.
Defendant, citing Cresswell v. State, 564 So.2d 480 (Fla. 1990), argues that once Officer Stephens had finished issuing the citations, he had no legally justifiable reason to look at the bag and read the name tag. Cresswell, however, held that while a traffic stop must not last longer than the time necessary to write the citation, reasonable suspicion of criminal activity can justify continued detention. Under the above circumstances, we conclude that such a reasonable suspicion existed in this case.
Finally, we agree that the search of the bag, which proved to contain jewelry and a woman's purse, was proper. We need not decide whether defendant voluntarily consented to the search, because we conclude that probable cause already existed to search the bag. As noted, the name tags on the bag had the name Ms. Drysdale on them, not defendant's name. Under this circumstance, Officer Stephens was entitled to ask defendant for an explanation, which he did. However, according to Stephens, defendant "could not offer a response."
Similarly, Officer Gluski testified that defendant told him the bag belonged to his grandmother. But when defendant was asked for her name, he did not say Mrs. Drysdale. Gluski also noted that defendant initially attempted to conceal one of the name tags from him. Once it was evident that defendant's explanation was unsatisfactory, probable cause arose to arrest defendant for the theft of the bag and its contents. Any search would then be proper as a search incident to a valid arrest.
Reversed and remanded.
DANAHY, A.C.J., HALL, J., and SILVERTOOTH, LYNN N., Senior Associate Judge, concur.