617 So.2d 777 (1993)
The STATE of Florida, Appellant,
v.
Frank Roosevelt BLACK, Appellee.
No. 92-2477.
District Court of Appeal of Florida, Third District.
April 27, 1993.
Robert A. Butterworth, Atty. Gen. and Francine Thomas, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Robert Kalter, Asst. Public Defender, for appellee.
Before COPE, GERSTEN and GODERICH, JJ.
PER CURIAM.
The State appeals an order suppressing physical evidence. We reverse.
At 6:50 in the morning a Metro-Dade police officer observed defendant pushing a *778 shopping cart along a street. In the cart were six rolls of new roofing paper. The officer stopped defendant to ask him where he got the tar paper. Defendant told him that he found the roofing paper in a trash pile. The roofing paper was brand new, still in its original wrappings.
The officer placed the defendant in his patrol car and drove up the street. Within one-half block, the officer found a house which had several identical rolls of tar paper in the yard, along with a tarring machine. The roofing paper had been stolen from the site. Defendant was charged with burglary by reason of having entered the curtilage to steal the roofing paper.
Defendant moved to suppress the rolls of tar paper, contending that they were the product of an illegal stop. After an evidentiary hearing, the trial court granted the motion to suppress. We now reverse.
The officer in this case observed the defendant at 6:50 in the morning, pushing rolls of brand new roofing material along a street in a supermarket shopping cart. The defendant was disheveled and unkempt and did not appear to be a person engaged in a construction trade. Plainly, roofing materials are not normally delivered to construction sites in shopping carts. Although this material had not been reported as being stolen, there was an ongoing problem with theft from businesses in the area. The officer certainly had ample ground to make a brief stop of the defendant to inquire about the source of the roofing material. The defendant's explanation was the incredible story that these brand new roofing supplies had been thrown away in a trash pile, where the defendant found them.
At that point the circumstances warranted a person of reasonable caution to conclude that a crime had been committed, namely, that defendant had stolen the tar paper. Cross v. State, 432 So.2d 780, 782 (Fla. 3d DCA 1983) (Probable cause exists where "facts and circumstances ... would warrant an individual of reasonable caution in believing that an offense had been committed... . Finally, the facts constituting probable cause need not reach the standard of conclusiveness and probability required of the circumstantial facts upon which a conviction must be based.") (citations omitted); Russell v. State, 266 So.2d 92, 93 (Fla. 3d DCA), cert. denied, 271 So.2d 140 (Fla. 1972) ("The officer need not actually see the law being violated nor must he satisfy himself beyond any question that a felony has been committed.").
The officer also testified that defendant was pushing a shopping cart containing a store logo. The officer had probable cause to believe that defendant was in illegal possession of the shopping cart, in violation of section 506.509, Florida Statutes (1991). The trial court declined to consider the section 506.509 argument because it concluded that the officer's real reason for making the stop was to investigate regarding the tar paper. We note that the establishment of a founded suspicion or probable cause is established by reference to an objective standard. The fact that an officer relies on one legal theory in making a stop or an arrest does not preclude the State from establishing a founded suspicion or probable cause on a different theory if that theory is supported by the record. See Routly v. State, 440 So.2d 1257, 1261 (Fla. 1983), cert. denied, 468 U.S. 1220, 104 S.Ct. 3591, 82 L.Ed.2d 888 (1984).
The order under review is reversed.