622 So.2d 180 (1993)
Roy Clyde SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3286.
District Court of Appeal of Florida, First District.
August 16, 1993.
*181 Nancy A. Daniels, Public Defender, and Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Charlie McCoy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Roy Clyde Sims appeals the denial of his motion to suppress evidence. Because the evidence which was the subject of the motion to suppress was obtained as a result of an illegal detention, we reverse.
While sitting in an unmarked car at 3:00 P.M. in a low-income housing project known for drug transactions, Officer Powell saw Sims riding as a passenger in a car which drove "back and forth from each side of the complex for approximately 10 minutes" and then left. Because he observed Sims drinking from an open alcoholic beverage container, Powell decided to stop the vehicle and issue a citation to Sims. The officer obtained identification from Sims and the driver and conducted a warrants check, which yielded no outstanding warrants. He issued Sims a citation for violating the "open container" law, and then continued to detain Sims for approximately five minutes until a K-9 unit arrived. K-9 "Lucky" alerted to the presence of contraband, and the ensuing search of the vehicle produced a minute piece of crack cocaine wedged into the junction of the passenger seat and the seat back.
Sims moved to suppress the cocaine, conceding the validity of the initial stop, but alleging there was no reasonable suspicion of criminal activity to justify detention after the open container citation was issued. At the suppression hearing, in addition to providing the information above, Officer Powell testified that Sims appeared nervous when confronted by the officer. When asked whether most people are a bit nervous when confronted with a police officer when drinking a beer inside a car, Officer Powell said, "yes."
The trial court denied the motion to suppress, noting that Sims had an open container, the car he was in drove around in a high drug area for 10 minutes with no apparent business there, and Sims was extremely nervous when stopped.
"[D]eterminations of a trial court in considering a motion to suppress come to an appellate court clothed with a presumption of correctness, and a reviewing court will interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to such ruling." Freeman v. State, 559 So.2d 295, 296 (Fla. 1st DCA 1990).
"[W]hile a traffic stop must not last longer than the time necessary to write the citation, reasonable suspicion of criminal activity can justify continued detention." State v. Banfield, 614 So.2d 551 (Fla. 2d DCA 1993) citing Cresswell v. State, 564 So.2d 480 (Fla. 1990). This reasonable suspicion must be based on articulable facts, Cresswell, 564 So.2d at 481. Whether a reasonable suspicion exists depends on the totality of the circumstances, and "even if none of the facts standing alone would give rise to a reasonable suspicion, when taken together, as viewed by an experienced officer" those facts can justify a brief detention. Freeman, 559 So.2d at 296-97 (emphasis in original).
The articulable facts upon which continued detention was found to be justified *182 in this case were aimless driving in a high drug area and nervous behavior after the stop. These facts, even when taken together as viewed by an experienced officer, do not justify detention beyond issuance of the open container citation. There was no evidence that the car ever stopped in the high-drug area, or that there was any exchange between the occupants or with anyone outside the car, and Officer Powell did not testify that the driving pattern described here was characteristic of a drug deal. Powell agreed that under the circumstances, Sims' nervousness was not unusual. See State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1985).
Once the officer accomplished the purpose of the stop, which Officer Powell acknowledged at the suppression hearing was to cite Sims for the open container violation, his continued detention was illegal. See Bozeman v. State, 603 So.2d 585 (Fla. 2d DCA 1992). Therefore, the trial court erred in denying the motion to suppress and we reverse.
JOANOS, ALLEN and WOLF, JJ., concur.