FERGUSON, Judge.
A plainclothed City of Miami police officer, with nine years experience in investigating robberies, observed the defendant running for several city blocks carrying three large shopping bags and continuously looking back over his shoulder. The time was 9:00 p.m. when stores in the immediate area had closed, and the location was a high-crime downtown shopping section of the city.
The single issue we address is whether there were sufficient facts to justify a stop based on a reasonable belief that the defendant had committed, was committing, or was about to commit a criminal offense. § 901.-151(2), Florida Statutes (1991). We hold that under the circumstances, the officer was justified in stopping the defendant for investigatory purposes. See generally Wayne R. La-Fave, 3 Search & Seizure § 9.3(c), at 437 (1987) (The typical Terry stop occurs when a *987 police officer sees a person on the street carrying property under circumstances which suggest that the property might have been unlawfully obtained. Because the property provides the focus for questioning, a stop for investigation is appropriate when there is reason to believe that “criminal activity may be afoot.”); see also Commonwealth v. Wascom, 286 Pa.Super. 157, 344 A.2d 630 (1975) (officer would have been derelict in his duties if he had failed to stop two men who were walking down the street with arms full of commercial merchandise at 12:30 in the morning); Piantadosi v. State, 311 So.2d 742 (Fla. 3d DCA 1975) (Terry stop was reasonable where officer saw defendant run from apartment building with suitcases at 5:00 a.m., dropping clothes as he ran); compare Lewis v. State, 382 So.2d 1249 (Fla. 5th DCA 1980) (officers did not have reasonable grounds to believe defendant committed a crime based on the mere fact that he was walking down the street in early morning hours carrying two paper bags). Accordingly, we reverse the order suppressing evidence.
Reversed and remanded.