PER CURIAM.
The state appeals from an order granting the defendant’s motion to suppress. We reverse and remand.
Officer Horacio LaRosa stopped the defendant, David Lee Williams, while he was wheeling a lawn mower through a residential neighborhood at about 11:00 p.m. The officer testified that he stopped the defendant because this was an unusual activity. The defendant told the officer that he had just finished a job. However, the lawn mower was cold to the touch and clean of grass. The defendant could not remember the address or name of the person for which he had done the job. After unsuccessfully driving around the neighborhood looking for the house, the officer stopped the ear, read the defendant his Miranda rights and asked him if he had stolen the lawn mower. The defendant admitted that he had stolen the lawn mower and directed the officer to the house from where it was taken. After the owner identified the lawn mower, the defendant was arrested and charged with burglary of an unoccupied dwelling and petit theft. The defendant moved to suppress the lawn mower seized by the police officer. The trial court granted the defendant’s motion. The state appealed.
The state contends that the trial court erred in granting the defendant’s motion to suppress evidence where such evidence was obtained pursuant to a lawful investigatory detention in which the police officer possessed the requisite founded suspicion for such a stop. We agree. The officer had a reasonable, articulable suspicion that the defendant either committed, was committing or was about to commit a criminal offense. Section 901.151(2), Fla.Stat. (1991). We hold that, under the circumstances, the officer was justified in stopping the defendant for investigatory purposes. State v. Abraham, 625 So.2d 986 (Fla. 3d DCA 1993) (Officer had founded suspicion to stop defendant where he observed defendant in downtown shopping section late at night running with large shopping bags.); State v. Black, 617 So.2d 777 (Fla. 3d DCA 1993) (Officer had probable cause to stop defendant where he was pushing shopping cart containing six rolls of new roofing paper along street at 6:50 a.m.); State v. Jenkins, 566 So.2d 926 (Fla. 2d DCA 1990) (Officer had founded suspicion to stop defendant where he was riding bicycle in early morning hours with a box overflowing with goods.); compare Hill v. State, 561 So.2d 23 (Fla. 3d DCA 1990) (Officers did not have founded suspicion to stop defendant where defendant was simply standing in roadway in high crime area at 5:00 a.m.); Levin v. State, 449 So.2d 288 (Fla. 3d DCA 1983) (Officer did not have founded suspicion to stop defendant where defendant was walking toward the water along public street at 3:00 a.m. in a residential area carrying a fishing pole.). Accordingly, we reverse the order suppressing evidence.
Reversed and remanded.