PER CURIAM.
William Beles appeals his conviction and sentence for possession of cocaine and resisting an officer without violence. Beles was arrested for violation of Metro Dade Ordinance 21-31.2, and cocaine possession. Beles unsuccessfully moved to suppress the evidence obtained pursuant to that arrest, arguing that since the ordinance did not provide for imprisonment for its violation, it was illegal to arrest him for violating the ordinance or to search him incident to that illegal arrest. Upon review of the record and consideration of the state’s confession of error, we agree with Beles’ argument. This ordinance did not provide for jail time and therefore it did not provide for a full custodial arrest. Consequently, the officer had no authority to conduct a full custodial search of Beles incident to the “arrest.”[1] The trial court therefore should have granted the motion to suppress. See Sims v. State, 622 So.2d 180 (Fla. 1st DCA 1993).
Accordingly, the conviction and sentence under review are reversed.

. We note that although a search incident to a full custodial arrest was not permitted under the circumstances present in this case, we do not intend by this opinion to preclude those investigatory stop searches or pat-down searches pursuant to Terry, where the officer has reasonable and articulable grounds for believing the defendant was armed. See Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889 (1968) (Fourth Amendment permits police officer’s limited search for weapons in circumstances where "reasonably prudent man ... would be warranted in the belief that his safety or that of others was in danger" based upon “reasonable inferences ... drawfn] from the facts in light of [officer's] experience").