666 So.2d 576 (1996)
STATE of Florida, Appellant,
v.
Michael Benny VERA, Appellee.
No. 95-02492.
District Court of Appeal of Florida, Second District.
January 19, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
DANAHY, Acting Chief Judge.
The state challenges an order of suppression entered in a prosecution for carrying a concealed firearm and possession of contraband. We reverse.
The events giving rise to the charges in this case began around 1 a.m. on a February morning in 1995 on a mixed residential and commercial street in Temple Terrace. This area has more criminal activity in it than other areas of the city. Officer Sutter was patrolling the area when he stopped the defendant because he was riding his bike with no headlight. Officer Sutter testified that the City of Temple Terrace has an ordinance requiring that bikes ridden at night be equipped with operating headlights and reflective badges on the wheels. The officer had previously stopped many people for this infraction but usually only gave the violators a verbal warning. He did the same in this case and did not issue a citation to the defendant. *577 After warning the defendant about getting a headlight, the officer asked him if he had any guns, knives, or weapons on him. It is the officer's usual procedure to ask this question of all persons he stops on the street. The defendant touched his back pocket, looked down, would not return his gaze to the officer, and answered in the negative. His body language and increased nervousness communicated to the officer that the defendant was being untruthful.[1]
Having his suspicions aroused, the officer walked around behind the defendant and saw a bulge in his right rear pocket which appeared to be a weapon. The officer touched the pocket and confirmed it was a gun. He secured the defendant and pulled out a handgun from that pocket. The officer arrested the defendant and pursuant to the arrest searched him further, finding marijuana. Based on this evidence the trial court ordered suppression citing Kirk v. State, 493 So.2d 59 (Fla. 2d DCA 1986). In this the trial court erred.
We find that Kirk is distinguishable from the case before us in much the same way State v. Banfield, 614 So.2d 551 (Fla. 2d DCA), cert. denied, 626 So.2d 203 (Fla. 1993), distinguished it. In Kirk no citation was issued, but there was no evidence that it was police practice to issue bike light citations; moreover, the defendant in Kirk had also run a stop sign. Banfield, 614 So.2d at 553. Distinguishing Kirk, and agreeing with Banfield, we find that Officer Sutter effected a good, nonpretextual stop because of the headlight violation. See Kehoe v. State, 521 So.2d 1094 (Fla. 1988). During the stop in the case before us, it was permissible for the officer to inquire, based on concerns for his own safety, whether the defendant was armed.[2] The defendant's actions provided Officer Sutter with founded suspicion that he was concealing a weapon. Thus it was permissible for the officer to further investigate and walk around the defendant to see, in plain view, a suspicious circumstance (the bulge in the rear pocket that the defendant had touched). This plain viewing of what appeared to be a gun bulging out the pocket provided probable cause to search the defendant by feeling and searching his pocket to confirm that it was a gun.
The trial court should have denied the defendant's motion to suppress. Accordingly, we reverse the order of suppression and remand for further proceedings.
CAMPBELL and FRANK, JJ., concur.
NOTES
[1] Officer Sutter testified that he had learned to look for these tell-tale warning signs of body language from police training courses. His prior experiences had confirmed this knowledge.
[2] It is not determinative whether the stop had ended before this question was asked, as the defendant argues. The officer could have asked this question even if the stop had ended and the two had merely been engaged in a citizen encounter. See Bostick v. State, 593 So.2d 494 (Fla. 1992).