722 So.2d 907 (1998)
The STATE of Florida, Appellant,
v.
Andrew MITCHELL, Appellee.
No. 98-2059.
District Court of Appeal of Florida, Third District.
December 2, 1998.
*908 Robert A. Butterworth, Attorney General and Christine E. Zahralban, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender and Lisa Walsh, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and SHEVIN and SORONDO, JJ.
SCHWARTZ, Chief Judge.
The state appeals from an order suppressing Mitchell's confession to the theft (from the open bed of a pick-up truck) of three shovels a police officer saw him carrying in downtown Miami. The lower court ruled that the investigatory stop which produced the statement was constitutionally unjustified. We completely disagree and reverse.
The state's brief succinctly and accurately characterizes the evidence below as follows:
Officer Fuentes observed the Defendant, in a high crime area, wearing a garbage bag in the pouring rain, peering into the windows of numerous parked cars. (T. 4-5). No other persons were present in the area. (T. 15). Officer Fuentes explained that as the Defendant cupped his hands against the windows of the car, (T. 4), he repeatedly looked in both directions down the street. (T. 16). Within ten minutes, the Defendant reappeared with newly acquired merchandise on his back, in a high crime area known for buying and selling stolen goods. (T. 7,11,17).
Applying the rule that, like probable cause, the existence of the founded suspicion necessary to support a Terry stop like the one involved here does not turn
on whether an innocent explanation can possibly be conjured up from what are obviously incriminating circumstances[, but] rather on what a realistic view of the facts justifies or requires,
see State v. Maya, 529 So.2d 1282, 1287 n. 7 (Fla. 3d DCA 1988), we readily conclude that the reappearance of the defendant with the three shovels, with no other rational explanation of where he might have gotten them,[1] amply justified a reasonable belief that (as the defendant almost immediately acknowledged) he had stolen them. See State v. Abraham, 625 So.2d 986 (Fla. 3d DCA 1993)(officer had founded suspicion to stop defendant in downtown shopping section late at night running with large shopping bags), review denied, 639 So.2d 975 (Fla.1994); State v. Williams, 627 So.2d 97 (Fla. 3d DCA 1993)(officer had reasonable, articulable suspicion to stop defendant wheeling lawn mower through residential neighborhood at 11:00 p.m.); State v. Black, 617 So.2d 777 (Fla. 3d DCA 1993)(officer had probable cause to stop *909 defendant pushing shopping cart containing six rolls of new roofing paper down street at 6:50 a.m.); State v. Jenkins, 566 So.2d 926 (Fla. 2d DCA 1990)(officer had founded suspicion to stop defendant riding bicycle with box of overflowing goods in early morning hours); State v. Jones, 454 So.2d 774 (Fla. 3d DCA 1984)(officers lawfully arrested defendant pushing grocery cart containing several cartons in early morning in front of autoparts store). Thus the stop and the ensuing confession were perfectly valid.
Reversed.
NOTES
[1] At oral argument, Mitchell's lawyer proffered, as what she stated was an equally plausible explanation of her client's possession of the shovels, the possibility that, during the ten minute interval he was out of the officer's view, an unknown person materialized on the scene with three shovels and hired Mitchell to transport them.