780 So.2d 288 (2001)
G.A.M., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-288.
District Court of Appeal of Florida, Fourth District.
March 14, 2001.
*289 Carey Haughwout, Public Defender, and Alyssa Katz, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Appellant was adjudicated delinquent following his no contest plea to misdemeanor possession of marijuana and possession of drug paraphernalia, wherein he reserved his right to appeal the denial of his motion to suppress physical evidence. We reverse because the officer lacked a reasonable or founded suspicion for an investigatory stop.
On June 27, 1999, at 1:37 a.m., Sergeant John Matthews of the Palm Springs Public Safety Department saw appellant and two other juveniles riding their bicycles in the parking lot of the Springdale town home development. According to Sergeant Matthews, "it [was] unusual to see anybody on a bicycle that time of night," so he followed the youths in his police vehicle with the lights off and radioed for backup police units to assist him in effecting a stop on "some suspicious people on bikes." At least two other officers responded to the scene. The officers exited their vehicles and identified themselves to the juveniles. The basis of the stop, according to Sergeant Matthews, was to "determine their identity, find out if they were residents in the area, and find out exactly what they were doing."
Sergeant Matthews observed that appellant was extremely nervous and appeared to be trying to conceal something. Concerned for his safety, the officer patted appellant down for weapons. He felt an object in appellant's right front pocket and seized it. He immediately recognized the object as a marijuana smoking pipe. The pipe tested positive for the presence of marijuana. After a hearing on appellant's motion to suppress the pipe and residue, the trial court denied the motion without stating the basis for its ruling.
A trial court's ruling on a motion to suppress comes clothed with a presumption of correctness on appeal, and the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling. See Murray v. State, 692 So.2d 157, 159 (Fla.1997); McNamara v. State, 357 So.2d 410, 412 (Fla.1978); Glover v. State, 677 So.2d 374 (Fla. 4th DCA 1996). However, the court must apply a de novo standard of review in considering whether, as a matter of law, the established facts amount to probable cause or reasonable suspicion. Ornelas v. United States, 517 U.S. 690, 696-97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Harris v. State, 761 So.2d 1186 (Fla. 4th DCA 2000); Curtis v. State, 748 So.2d 370, 371 (Fla. 4th DCA 2000).
An investigatory stop must be based on reasonable suspicion. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185 (Fla.1993); Reynolds v. State, 592 So.2d 1082 (Fla.1992). Under Florida's "Stop and Frisk Law," section 901.151, Florida Statutes (1997), law enforcement officers may temporarily detain a person only "under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or *290 county ..." Thus, to justify a temporary detention, the detaining officer must have a reasonable or founded suspicion of criminal activity. See State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). The founded suspicion needed to justify an investigatory stop must have some factual foundation in the circumstances observed by the officer and can be based upon the totality of those circumstances as viewed by an experienced police officer. See Kehoe v. State, 521 So.2d 1094, 1095-96 (Fla. 1988); Sapp v. State, 763 So.2d 1257 (Fla. 4th DCA 2000).
Here, the record does not demonstrate that the officer had a well-founded suspicion that appellant had committed or was about to commit a crime when he stopped appellant. See e.g., Moore v. State, 584 So.2d 1122 (Fla. 4th DCA 1991)(fact that police officer saw defendant riding bicycle at 2:00 a.m. coming from area of burglary did not provide officer with "founded suspicion" of illegal activity to warrant stop and frisk of defendant); Mullins v. State, 366 So.2d 1162 (Fla. 1979)(where officer observed defendant riding his bicycle slowly through a residential neighborhood in the early morning hours, and after stopping and questioning defendant, the officer smelled the odor of marijuana and saw a brown substance protruding from the defendant's shirt pocket, the evidence seized from the defendant was properly suppressed, because the defendant's actions were insufficient to give rise to anything more than a bare suspicion of illegal activity).
Cf. Harris v. State, 574 So.2d 243 (Fla. 1st DCA 1991)(police officer had founded suspicion of criminal activity to justify temporary stop of defendant and juvenile, where officer observed them riding bicycles single file at approximately 2:00 or 2:30 a.m., with juvenile in front carrying small portable television on handlebars, in vicinity of golf course, housing subdivision, and several closed businesses); State v. Jenkins, 566 So.2d 926 (Fla. 2d DCA 1990)(officer's stop of a suspect who was riding a bicycle was supported by a founded suspicion of criminal activity, where the suspect was riding his bicycle in early morning hours with a box overflowing with various items of property propped on the handlebars and was coming from a business district where no businesses were open and no other activity was occurring).
Sergeant Matthews testified that his suspicion was aroused only by the fact that appellant was riding his bicycle in a residential area at 1:37 a.m. There was no evidence that appellant was committing any traffic infractions or curfew violations or that he was suspected of any criminal activity. As the sole basis for the stop was the officer's generalized view that it was unusual "to see anybody on a bicycle that time of night," the officer lacked a founded suspicion for the stop. Because the stop was unlawful, the marijuana and drug paraphernalia seized by the officer should have been suppressed. See Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed. 441 (1963).
REVERSED and REMANDED.
POLEN and STEVENSON, JJ., concur.