899 So.2d 1233 (2005)
Ferrot ULYSSE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-3286.
District Court of Appeal of Florida, Third District.
April 20, 2005.
Bennett H. Brummer, Public Defender, and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before COPE, RAMIREZ and CORTIÑAS, JJ.
COPE, J.
Ferrot Ulysse contends that law enforcement officers made an illegal warrantless entry of his home, and that the evidence they seized should have been *1234 suppressed. We conclude that the officers were in hot pursuit of a fleeing suspect and that the entry was legal.
Law enforcement officers pursued a stolen vehicle. The vehicle stopped. The driver and passenger fled on foot and the driver was apprehended without incident.
The passenger who fled on foot was chased by police officers. The passenger ran inside the home of defendant-appellant Ulysse, a complete stranger. Two officers pursued the fleeing passenger into the house. There the officers saw narcotics and a firearm in plain view, which they seized. The narcotics and firearm belonged to the defendant.
The State charged the defendant with possession of cocaine with intent to sell, resisting an officer without violence, and possession of a firearm by a convicted felon. The trial court denied the defendant's motion to suppress the narcotics and firearm seized by the officers. The defendant entered a plea of nolo contendere, reserving the right to appeal the denial of his motion to suppress.
The defendant argues that the officers had no probable cause to believe that the passenger in the stolen automobile had committed a crime, and that hot pursuit of the passenger into the defendant's home was unjustified. The trial court correctly rejected that argument.
In this case the officers observed that the defendant was in the passenger seat of a stolen car. Upon the car being stopped, the defendant fled. Flight from the scene may be considered in combination with other circumstances as evidence of guilt. See Fenelon v. State, 594 So.2d 292, 294 (Fla.1992); see also Illinois v. Wardlow, 528 U.S. 119, 125, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000). On the facts here, a reasonable officer would have probable cause to believe that the passenger had participated in the theft of the car, see § 812.014(2)(c)6, Fla. Stat. (2001),[*] or at the least, trespass in a conveyance. See id. § 810.08; see also State v. Black, 617 So.2d 777, 778 (Fla. 3d DCA 1993) (defining elements of probable cause). Under either analysis, the officers were justifiably in hot pursuit of the passenger who ran into the defendant's house.
The defendant suggests that the hot pursuit exception to the warrant requirement of the Fourth Amendment does not apply if the officers are pursuing a fleeing misdemeanant. That point has been resolved in this district adversely to the defendant's position. See Gasset v. State, 490 So.2d 97 (Fla. 3d DCA 1986). Hot pursuit of a fleeing misdemeanant is permissible where the misdemeanor is punishable by a jail sentence. Id. at 98. The offense of trespass in a conveyance is a misdemeanor punishable by incarceration of sixty days or one year, depending on the circumstances. See § 810.08(2), Fla. Stat. (2001). The defendant argues that Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984), holds otherwise, but that case involved a nonjailable offense and in that case there was no immediate or continuous pursuit. Id. at 751-54; see also Illinois v. McArthur, 531 U.S. 326, 336, 121 S.Ct. 946, 148 L.Ed.2d 838 (2001) (distinguishing Welsh as having involved a nonjailable offense).
In this case, whether the passenger is properly viewed as a fleeing felon or fleeing misdemeanant, hot pursuit was permissible. The motion to suppress evidence was correctly denied.
Affirmed.
NOTES
[*] The crime date was July 17, 2001.