WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of possession of cocaine with intent to sell, contending that the court should have granted appellant’s motion to suppress physical evidence. We find that the motion was properly denied, and we affirm the judgment and sentence.
Testimony at the suppression hearing established that appellant was the occupant of a vehicle around which a crowd of ten to twelve individuals were gathered, in a paved area between two apartment buildings. These buildings were described as extending for the length of a block, with the paved area between them used for parking, vehicular access, and through traffic. A law enforcement officer drove into the area, which he noted is a high crime location known for drug transactions. Upon observing the officer the individuals around appellant’s vehicle immediately departed, some walking and others running. Appellant then exited his vehicle and also began walking away.
The officer approached appellant and requested that he move the vehicle. Although the pavement contained no markings regarding parking or driving lanes, and there was no other traffic at the moment, the officer indicated that appellant’s vehicle was obstructing the area normally used for access and through traffic. After appellant moved his vehicle to the usual parking area, and again exited the vehicle, the officer requested appellant’s driver’s license and vehicle registration. Appellant produced his driver’s license and went to the vehicle to retrieve the registration. When appellant opened the glove compartment for this purpose the officer, standing outside the vehicle, observed several rounds of ammunition and a small white packet which appeared to contain cocaine. The officer arrested appellant and searched the vehicle, discovering additional physical evidence.
Appellant argues that the evidence was discovered as the result of an unlawful stop, relying on Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980). However, the present case involves factors not found in Kearse, including the circumstance that appellant was attempting to leave his vehicle parked in a manner which the officer felt would obstruct traffic. The officer was entitled to ask appellant to move the vehicle and, in connection therewith, to request production of a driver’s license and vehicle registration. In this regard the officer noted that he not only desired to ascertain appellant’s identity and ownership of the vehicle, but was also contemplating issuing a citation for improper parking. The subsequent observation of contraband within appellant’s vehicle, as appellant purported to obtain his registration, entitled the officer to arrest appellant and conduct a further search of the vehicle. See Ensor v. State, 403 So.2d 349 (Fla. 1981). The evidence was thus lawfully ob *1363 tained/ and appellant’s motion to suppress was properly denied.
AFFIRMED.
ERVIN and ZEHMER, JJ., concur.