593 So.2d 494 (1992)
Terrance BOSTICK, Petitioner,
v.
STATE of Florida, Respondent.
No. 70996.
Supreme Court of Florida.
January 2, 1992.
Rehearings Denied March 11, 1992.
*495 Kenneth P. Speiller of the Law Offices of Max P. Engle, Miami, for petitioner.
Robert A. Butterworth, Atty. Gen., and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondent.
Edward A. Hanna, Jr., Fort Lauderdale, amicus curiae, for Nick Navarro, Sheriff.
Joseph S. Paglino of the Law Office of Joseph S. Paglino, Miami, amicus curiae.
PER CURIAM.
We have Florida v. Bostick, ___ U.S. ___, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), rev'g 554 So.2d 1153 (Fla. 1989), for consideration on remand from the United States Supreme Court.
The facts are set forth fully in our previous opinion. Bostick v. State, 554 So.2d 1153, 1154-55 (Fla. 1989). Briefly stated, two officers boarded the Greyhound bus on which Bostick was a passenger, obtained consent to search his luggage, and seized cocaine found in one of his bags. Bostick moved to suppress the evidence, arguing that his consent was not voluntary. The trial court denied the motion, and Bostick was convicted of trafficking in cocaine. The district court affirmed.
In light of the Supreme Court's opinion, we now approve the decision of the district court.
It is so ordered.
OVERTON, McDONALD, GRIMES and HARDING, JJ., concur.
BARKETT, J., dissents with an opinion, in which SHAW, C.J., and KOGAN, J., concur.
BARKETT, Justice, dissenting.
I must respectfully dissent from the majority's position in this case. While the trial court denied the motion to suppress, it made no express findings of fact. Although I acknowledge that the United States Supreme Court has ruled all bus searches without any articulable suspicion of criminal conduct are not per se unreasonable, I would find that Bostick's consent to search was invalid as a product of an unreasonable seizure under the specific facts of this case.
A review of the record reveals that Bostick was reclining on the back seat of the Greyhound bus when two officers wearing green jackets bearing the insignia of the Broward County Sheriff's Department boarded the bus during a rest stop in Fort Lauderdale. The officers proceeded immediately to the rear of the bus, and one officer was carrying a recognizable pouch containing a gun. Despite the lack of any articulable suspicion, the officers stood in the aisle in front of Bostick and questioned him as to his destination, and requested that he produce his ticket and identification. The ticket matched Bostick's identification and both were returned to him, but the officers nonetheless persisted in their questioning. Stating that they were narcotics agents in search of illegal drugs, the officers obtained consent to search a red bag that did not belong to Bostick, but that Bostick was using as a pillow, and found nothing. A search of a blue bag belonging to Bostick and stored in the bus's overhead rack resulted in the discovery of cocaine. The testimony was conflicting as to whether the officers had asked for and received consent from Bostick to search the blue bag.
Even viewing the testimony in the light most favorable to the State, I am compelled to conclude that under the facts presented here, a reasonable person would not have felt free to ignore the police or to decline to consent to a search. This was not a casual encounter on a street corner where a reasonable person might feel free to treat the police like an encounter with any other citizen, i.e., to ignore them, refuse to converse *496 with them, or simply to walk away. I am mindful that under certain circumstances, a reasonable person may feel free to terminate an encounter with the police when confronted in the confines of a bus, but I do not find those circumstances to exist here. Thus, I would find that under the totality of the circumstances presented in this case, Bostick "was not free to decline the officers' requests or otherwise terminate the encounter." See 111 S.Ct. at 2389.
Accordingly, I dissent.
SHAW, C.J., and KOGAN, J., concur.