PER CURIAM.
Sherman Hunter was charged in 1985 with trafficking in cocaine. He was found guilty and appealed, contending that the trial court erred in denying his motion to suppress, which this court affirmed.[1] Thereafter, the Florida Supreme Court decided Bostick v. State, 554 So.2d 1153 (Fla.1989), and in conjunction therewith this case was remanded by the supreme court to this court with directions to reconsider its Hunter opinion in light of Bostick. On July 5, 1990, this court reversed its previous Hunter decision and remanded the case to the trial court with directions to grant the motion to suppress.[2] The state did not appeal this decision but filed a motion to stay the mandate based upon the fact that a petition for writ of certiorari had been filed in the U.S. Supreme Court in Bostick. Because review had not yet been granted in the U.S. Supreme Court, this court denied the motion for stay. On November 7, 1990, the trial court granted Hunter’s motion to suppress and set the case for trial; however, the trial court granted a motion for stay because the U.S. Supreme Court had, by that time, granted review in Bostick.
The state has now lodged this appeal of the trial court’s order granting Hunter’s motion to suppress. Hunter filed a motion *160 to dismiss the appeal on grounds that the issue was previously decided by this court and was the law of the case. This court denied the motion to dismiss on February 14,1991. Thereafter, on June 20, 1991, the U.S. Supreme Court reversed the Florida Supreme Court in Florida v. Bostick, — U.S. —, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), and approved the Bostick type of encounter, ruling that whether a particular encounter constitutes a seizure depends on the circumstances.
The state now argues that, in light of the U.S. Supreme Court’s ruling, this court should reverse the trial court’s decision granting Hunter’s motion to suppress. Hunter responds that the issue is no longer viable because the state failed to obtain a stay while Bostick was pending in the U.S. Supreme Court.
We find that there is no jurisdictional impediment to this appeal. The state properly sought a stay in the trial court and thus preserved the issue for review. Florida Rule of Appellate Procedure 9.310(a) provides:
[A] party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief.
The trial court was the lower tribunal at the time that the state filed the motion for stay and it was within its jurisdiction to grant or deny the motion to suppress. Furthermore, we believe that this court’s previous ruling can be changed regardless of the doctrine of “law of the case.” Although generally questions of law decided on an appeal must govern the case in the same court and all subsequent stages of the proceedings, appellate courts are not wholly without authority to reconsider and reverse a previous ruling. Strazzula v. Hendrick, 177 So.2d 1 (Fla.1965). Additionally, it is well settled that, where a judgment is being reviewed on direct appeal, an appellate court will apply to the judgment the law prevailing at the time of appellate disposition. Georgia Southern and Florida Railway Co. v. Seven-Up Bottling Co., 175 So.2d 39 (Fla.1965).
Based on Florida v. Bostick, — U.S. —, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991), on remand, 593 So.2d 494 (Fla.1992), we believe our original affirmance in Hunter v. State, 518 So.2d 304 (Fla. 4th DCA 1987), was correct and that our subsequent directions in Hunter v. State, 563 So.2d 215 (Fla. 4th DCA 1990), were erroneous in view of the ultimate decision of Bostick in the Supreme Court of the United States.
We now consider the order granting the defendant’s motion to suppress which was entered November 7,1990, and find it to be erroneous. In view of the foregoing, we reverse that order and remand the cause to the trial court with directions to vacate said order and reinstate the trial court’s original order denying Hunter’s motion to suppress. Accordingly, we reaffirm Hunter’s original conviction for trafficking.
DOWNEY, HERSEY and DELL, JJ., concur.

. Hunter v. State, 518 So.2d 304 (Fla. 4th DCA 1987).

. Hunter v. State, 563 So.2d 215 (Fla. 4th DCA 1990).