689 So.2d 1090 (1997)
Roosevelt WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1240.
District Court of Appeal of Florida, Fifth District.
January 21, 1997.
Order Granting Rehearing on Motion to Correct March 7, 1997.
*1091 Adam B. Reiss of Reiss, Hillman & Reiss, Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
DAUKSCH, HARRIS and THOMPSON, JJ., concur.

ON MOTION TO CORRECT
HARRIS, Judge.
We grant Petitioner's Motion to Correct and reissue this opinion issued on rehearing after correcting a misstatement of fact.
Roosevelt Terrell Watson asks for rehearing following our previous per curiam affirmance. Although we believe the law to be well settled in this area, we nevertheless grant rehearing in the event further review may be warranted.
Watson raises two issues that we will discuss. Both issues relate to the trial court's failure to suppress evidence.
Watson was properly stopped for speeding. When the officer asked for his driver's license, Watson indicated that he thought it may have been suspended. The officer ran the license through the computer and determined that it was not suspended. He returned the license to Watson. The officer continued to engage in conversation with Watson and, after Watson acknowledged that the vehicle was not his, the officer asked to see the vehicle registration. While Watson was looking for the registration, another officer standing on the passenger side of the vehicle observed a handgun sticking out from under the seat. Watson was arrested for possessing a concealed handgun and the subsequent search revealed narcotics.
Watson contends that since the officer did not advise him that he was free to leave after his license was returned, he was improperly "held" after that time so that his answers to the officer's question concerning the ownership of the vehicle did not justify the request to see the registration and thus did not warrant the delay during which the handgun was discovered. We believe the officer, after stopping Watson for the traffic infraction, could properly request to see the vehicle registration even after returning the driver's license and even without Watson's statement as to the ownership of the vehicle. In Stafford v. State, 532 So.2d 1361, 1362 (Fla. 1st DCA 1988), the court upheld the arrest of a motorist when cocaine was discovered while the motorist was retrieving his registration. The court observed:
The officer was entitled to ask appellant to move the vehicle and, in connection therewith, to request production of a driver's license and vehicle registration. In this regard, the officer noted that he not only desired to ascertain appellant's identity and ownership of the vehicle, but was also contemplating issuing a citation for improper parking. The subsequent observation of contraband within appellant's vehicle, as appellant purported to obtain his registration, entitled the officer to arrest appellant and conduct a further search of the vehicle.
Id. at 1362.
Watson's second issue relates to a statement he made. During the course of the stop, Officer Sebag arrived at the scene and, at about the same time that he heard Officer Stevens give the "signal zero" code which indicated the presence of a weapon, asked Watson: "Do you have any guns, weapons or drugs in the car?" Watson's *1092 answer was that there was a gun under the seat. Because this knowledge tied him to the drugs found under the seat of the car, which belonged to his girlfriend, Watson claims this statement should be suppressed because he had not been Mirandized at the time he made it. Watson had not yet been placed under arrest at the time the statement was made. We therefore agree with the court in State v. Vera, 666 So.2d 576, 577 (Fla. 2d DCA 1996), which held:
During the stop in the case before us, it was permissible for the officer to inquire, based on concerns for his own safety, whether the defendant was armed.[2]
2. It is not determinative whether the stop had ended before this question was asked, as the defendant argues. The officer could have asked this question even if the stop had ended and the two had merely been engaged in a citizen encounter. See Bostick v. State, 593 So.2d 494 (Fla.1992). Although in the present case there may have been some conflict in the evidence, the trial court found:
And I don't think that, without morethis is not enough to show that law enforcement forced the defendant to consent, to talk to the officer or forced him to talk and that he was not free to leave. So court will deny the motion.
It appears, therefore, that the trial court determined that Watson was not in custody at the time the statement was made. There is support in the record for this finding.
We grant rehearing but adhere to our original opinion.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.