STATE OF NORTH CAROLINA v. LYNN EDWARD ISENHOUR

No. COA08-478

(Filed 16 December 2008)

**Search and Seizure— motion to suppress evidence—**
*Mendenhall* **test—reasonable person—reasonable suspicion—consent**

The trial court did not err in a possession of methadone case by denying defendant's motion to suppress evidence obtained during the search of his vehicle even though defendant contends it was an illegal search and seizure because: (1) the objective standard in *Mendenhall*, 446 U.S. 544 (1980), revealed that the officer's actions would not lead a reasonable person to believe that he was not free to leave at any time when defendant was free to drive away from the scene at any time during the encounter since the officer parked his patrol car eight feet away from defendant's car, and there was no suggestion in the record that the officer's car physically blocked defendant's car; nothing else in the officer's behavior or demeanor amounted to the "show of force" necessary for a seizure to occur; there was no evidence that the officer created any real "psychological barriers" to defendant's leaving such as using his police siren, turning on his blue strobe lights, taking his gun out of his holster, or using threatening language; and the testimonies of both defendant and the officer indicated that the encounter proceeded in a non-threatening manner and that defendant was cooperative at all times; (2) no reasonable suspicion was required for the officer to approach defendant's car and ask him questions when the offi-

cer's actions did not constitute a seizure of defendant, and defendant was free to not answer the officer's questions; and (3) defendant's consent to search the vehicle was given voluntarily and was not the product of an illegal seizure since the officer did not unlawfully seize defendant.

Appeal by defendant from judgment entered 3 January 2008 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 8 October 2008.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Kristen L. Todd, for defendant-appellant.*

HUNTER, Judge.

This is an appeal from the trial court's denial of defendant's motion to suppress evidence. Subsequent to the trial court's denial, defendant pled guilty to one count of possession of methadone, preserving his right to appeal under *North Carolina v. Alford*, 400 U.S. 25, 27 L. Ed. 2d 162 (1970). After careful review, we affirm the trial court's denial of the motion to suppress and therefore the judgment.

On 5 May 2006, Lynn Edward Isenhour ("defendant") was arrested after a search of his car revealed methadone pills that were not prescribed to him. Prior to the arrest, defendant and a passenger were sitting in a car in the back corner of a fast food restaurant parking lot, bordered by a fence and wooded area. Charlotte-Mecklenburg Police Officers Ferguson and Gaskins were patrolling the area near the parking lot, which was known for having a lot of drug and prostitution activity. The officers observed that neither defendant nor his passenger had exited from the car during a ten minute period. The officers then pulled up to defendant's car in a marked patrol car. The officers parked their patrol car approximately eight feet away from defendant's car.

Officers Ferguson and Gaskins exited their patrol car and approached defendant's vehicle. The officers were in full police uniform and were armed. Officer Ferguson asked defendant to roll down his window, but defendant informed him that his window did not roll down. Instead, defendant opened his car door to speak with Officer Ferguson.

**STATE v. ISENHOUR**

[194 N.C. App. 539 (2008)]

Officer Ferguson became suspicious of defendant because "the stories of the defendant driver and the passenger were different—the general information they gave to Officer Ferguson about the reason for their being there was not the same." At this point, Officer Ferguson asked defendant to exit his car. Next, Officer Ferguson patted down defendant, and then asked for consent to search defendant's car. Defendant consented to the search. While searching the car, Officer Ferguson found a pill bottle containing eight methadone pills. Officer Ferguson testified that defendant was very cooperative and did not seem at all nervous during their entire interaction.

Defendant moved to suppress the evidence obtained during the search of his vehicle, claiming the evidence was obtained as a result of an illegal search and seizure. At a hearing on 3 January 2008, the trial judge denied defendant's motion to suppress. On the same day, defendant entered an *Alford* plea to the charge of possession of methadone, reserving the right to appeal from the trial court's denial of his motion to suppress.

Defendant argues that the trial court erred in concluding that he was free to leave the scene at any time during the encounter between himself and Officer Ferguson. Defendant argues that, contrary to the trial court's conclusion, when Officer Ferguson parked his patrol car eight feet away from defendant's car and approached him while armed and in full police uniform, Officer Ferguson created a situation in which a reasonable person would not feel free to leave. Defendant therefore argues that Officer Ferguson's actions in approaching his vehicle constituted a "seizure" under the Fourth Amendment. Defendant next argues that since Officer Ferguson did not have a reasonable and articulable suspicion that a crime was underway, this "seizure" was unjustified and therefore unconstitutional. The final step in defendant's argument is that while he seemingly consented to the search of his vehicle, the consent was given involuntarily, since it was the result of an illegal seizure. Therefore, defendant argues that the trial court erred in denying his motion to suppress the results of the search of his vehicle. We disagree.

The standard of review in determining whether a trial court properly denied a motion to suppress evidence is "whether the trial court's findings of fact are supported by the evidence and whether the findings of fact support the conclusions of law." *State v. Cockerham*, 155 N.C. App. 729, 736, 574 S.E.2d 694, 699 (2003). The trial court's conclusions of law " 'are fully reviewable on appeal[,]' " *State v. Brooks*, 337 N.C. 132, 141, 446 S.E.2d 579, 585 (1994) (citation omitted), in

order to determine whether they reflect a " ' "correct application of applicable legal principles to the facts found." ' " *State v. Buchanan,* 353 N.C. 332, 336, 543 S.E.2d 823, 826 (2001) (citations omitted).

Defendant first argues that Officers Ferguson and Gaskins illegally seized him without a reasonable and articulable suspicion that he was involved in criminal activity, in violation of the Fourth Amendment to the United States Constitution, which prohibits "unreasonable searches and seizures[.]" U.S. Const. amend. IV. Defendant's contention requires us first to determine whether there was, in fact, a "seizure." If there was indeed a "seizure," only then need we reach the question of whether that seizure was unreasonable, and therefore illegal.

Defendant contends that Officer Ferguson's actions, in parking his patrol car near defendant's and approaching defendant while armed and in full police uniform, constituted a "seizure" under the Fourth Amendment. Defendant argues that when Officer Ferguson parked his patrol car eight feet away from defendant's vehicle, Officer Ferguson restrained defendant's freedom of movement, making it difficult, if not impossible, for defendant to drive away. Furthermore, defendant argues that the fact that Officer Ferguson and his partner were both in full uniform, that they were both carrying weapons, and the way they approached the car on either side would have been intimidating, if not threatening, to the average reasonable person.

Our United States Supreme Court has held that law enforcement officers do not violate the Fourth Amendment's prohibition against unreasonable seizures "merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." *United States v. Drayton,* 536 U.S. 194, 200, 153 L. Ed. 2d 242, 251 (2002); *see also Terry v. Ohio,* 392 U.S. 1, 19 n.16, 20 L. Ed. 2d 889, 905 n.16 (1968) ("[o]bviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons"). Even when police officers have no reason to suspect that a person is engaged in criminal behavior, they may "pose questions, ask for identification, and request consent to search . . . provided they do not induce cooperation by coercive means." *United States v. Drayton,* 536 U.S. at 201, 153 L. Ed. 2d at 251.

A police officer does effectuate a seizure when he " ' "by means of physical force or show of authority," ' terminates or restrains [that person's] freedom of movement[.]" *Brendlin v. California,* —— U.S.

——, ——, 168 L. Ed. 2d 132, 138 (2007) (citations omitted). It is clear that whenever an officer has applied physical force to a person, he has seized that person within the meaning of the Fourth Amendment. *See California v. Hodari D.*, 499 U.S. 621, 624, 113 L. Ed. 2d 690, 696 (1991) (holding that "the mere grasping or application of physical force with lawful authority" constitutes a seizure); *see also State v. Fleming*, 106 N.C. App. 165, 169, 415 S.E.2d 782, 784 (1992). However, it is also possible for an officer to "seize" a person without ever laying his hands on that person. *See Terry v. Ohio*, 392 U.S. at 19 n.16, 20 L. Ed. 2d at 905 n.16 ("when the officer, by means of physical force or *show of authority*, has in some way restrained the liberty of a citizen [we may] conclude that a 'seizure' has occurred") (emphasis added). Defendant urges that this second type of (non-physical) seizure occurred when Officer Ferguson approached his vehicle.

Absent actual physical force, the operative question in determining whether a police officer has "seized" a person is "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554, 64 L. Ed. 2d 497, 509 (1980) (footnote omitted). This Court has held that the *Mendenhall* test requires an objective analysis of police officers' behavior, most importantly whether the officers "create[d] by their actions or appearances either physical or psychological barriers" to the defendant's freedom to leave the scene. *State v. Christie*, 96 N.C. App. 178, 184, 385 S.E.2d 181, 184 (1989). Moreover, the *Mendenhall* test does not take into account a defendant's subjective impressions of an encounter with police officers, but instead asks whether the police officers' actions would have led a "reasonable person" to believe that he was not free to leave the scene. *Id.* (reasoning that "[w]hile defendant may have felt restrained from leaving . . . by the officers' presence, he had no reason to feel such restraint").

In general, some factors that might lead a reasonable person to believe that he was not free to leave include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Mendenhall*, 446 U.S. at 554, 64 L. Ed. 2d at 509. In *State v. Christie*, this Court found there was no seizure because police officers "did not display any weapons; they did not use threatening language or a compelling tone of voice; and they did not block or inhibit defendant in any way from refusing to

answer their questions or leave the [scene]." *Christie*, 96 N.C. App. at 184, 385 S.E.2d at 184.[1]

The facts of the present case closely resemble that of *State v. Brooks*, 337 N.C. 132, 446 S.E.2d 579, where our Supreme Court held that the behavior of a police officer who parked his patrol car, approached an individual sitting in a parked car on the other side of a drainage ditch, and questioned him through an opened car door "did not amount to an investigatory 'stop' and certainly was not a 'seizure.' " *Id.* at 142, 446 S.E.2d at 586. The Court based this conclusion on the fact that there was nothing in the evidence which might indicate "that a reasonable person in the position of the defendant would have believed that he or she was not free to leave or otherwise terminate the encounter[,]" nor was there evidence that "defendant submitted to any show of force." *Id.*

Here, the trial court correctly concluded that defendant was free to drive away from the scene at any time during the encounter. The trial court based its conclusion, in part, on its finding that Officer Ferguson parked his patrol car eight feet away from defendant's car. There is no suggestion in the record that Officer Ferguson's car physically blocked defendant's car, thus preventing him from driving away. Furthermore, nothing else in Officer Ferguson's behavior or demeanor amounted to the "show of force" necessary for a seizure to occur. There is no evidence that Officer Ferguson created any real "psychological barriers" to defendant's leaving such as using his police siren, turning on his blue strobe lights, taking his gun out of his holster, or using threatening language. The testimonies of both defendant and Officer Ferguson indicate that the encounter proceeded in a non-threatening manner and that defendant was cooperative at all times. Under the objective *Mendenhall* standard, the trial court correctly concluded that Officer Ferguson's actions would not lead a reasonable person to believe that he was not free to leave at any time.

Since Officer Ferguson's actions do not at the first level constitute a "seizure" of defendant's person, we need not reach the question of whether there was an "unreasonable seizure." In any event, no reasonable suspicion was required for Officer Ferguson to approach defendant's car and ask him questions. *See Brooks*, 337

1. Defendant's brief relies heavily on *State v. Icard*, a plurality opinion from this Court. *State v. Icard*, 190 N. C. App. ——, 660 S.E.2d 142 (2008). However, this reliance is misplaced since our State Supreme Court has recently stayed the Court of Appeals' decision pending appeal. *State v. Icard*, 362 N.C. 367, 662 S.E.2d 668 (2008).

N.C. at 142, 446 S.E.2d at 586. Defendant was free not to answer Officer Ferguson's questions and indeed was free to leave the scene at any time.

Defendant's argument that his consent to search his vehicle was invalid since it was given involuntarily is similarly without merit. Defendant's argument rests on the proposition that consent to search given to a police officer following an illegal seizure is invalid. *See Florida v. Royer*, 460 U.S. 491, 75 L. Ed. 2d 229 (1983). However, since Officer Ferguson did not unlawfully seize defendant, we find that defendant's consent to search the vehicle was given voluntarily and not the product of an illegal seizure.

Therefore, since there was no seizure when the police officers pulled up in their patrol car and approached defendant, the trial court did not err in denying defendant's motion to suppress the evidence recovered from the voluntary search of the vehicle.

Affirmed.

Judges ELMORE and GEER concur.