An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-888

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

STATE OF NORTH CAROLINA

v.                                    Mecklenburg County
                                      No. 12 CRS 228345
JORGE ALBERTO HERRERA


Appeal by defendant from order entered 31 January 2013 by Judge Hugh Banks Lewis in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 January 2014.

> *Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant.*


ELMORE, Judge.


On 31 January 2013, judgment was entered against Jorge Alberto Herrera (defendant) for the offenses of trafficking heroin and possession with intent to sell or deliver heroin (PWISD). Defendant was sentenced to consecutive terms of 90-117 months imprisonment on the trafficking conviction and 6-17 months for the PWISD conviction. On the same day, defendant

appealed his convictions on the basis that the trial court erroneously admitted evidence found on him and in his vehicle because the evidence was derived from an unlawful seizure. After careful consideration, we hold that the trial court did not err.

## I. Facts

On 28 June 2012, at approximately 12:40 P.M., officers Fabio Jarmiello and John Jurbala of the Charlotte Mecklenberg County Police Department patrolled the area of Albermarle Road Park (the park) in Charlotte, an area notorious for criminal activity. Because the park is a high-crime area, officers frequently check for the safety of individuals in that vicinity. Defendant was located in the park's parking lot, seated in the driver's seat of a stationary vehicle. As the officers pulled into a nearby parking space, they observed defendant "bend[ing] down . . . moving too much[.]" The officers exited their vehicle, and approached defendant. Officer Jarmiello asked defendant, "[i]s the reason you're here -- this is a bad area, I don't know if you're aware of that." Defendant started to shake and move, so for safety reasons officer Jarmiello asked defendant, "[c]an you please come outside and talk to me?" In response, defendant said "yes, okay," and he exited the vehicle.

Officer Jarmiello then asked defendant "if he was in possession of anything illegal, drugs, weapons, bazooka, anything inside the car I should know about[?]" Defendant said "no[.]" Thereafter, officer Jarmiello asked, "[d]o you mind if I check in the car?" Defendant replied, "yeah, you can, there's no problem." In addition to allowing the officer to search his vehicle, defendant acquiesced to a search of his person upon the request of officer Jarmiello. Once defendant provided "consent . . . to search" he moved towards officer Jurbala, and officer Jurbala observed "what appeared to be [a] controlled substance" in defendant's hand. Defendant was immediately placed in handcuffs, and a comprehensive search of defendant's person and vehicle revealed cash and balloons containing heroin.

Before trial, defendant filed a motion to suppress all evidence found as a result of defendant's encounter with the officers. The trial court denied defendant's motion and concluded that "the encounter was not within the protection of the [f]ourth [a]mendment and did not require reasonable suspicion." At trial, defendant failed to object to officer Jurbala's testimony about the items found during the encounter.

## II. Analysis

### a.) Consensual Encounter

Defendant argues that the trial court committed plain error by admitting evidence found on defendant and in his vehicle because the evidence was derived from an unlawful seizure. We disagree.

Defendant concedes that we should review this appeal pursuant to the plain error standard because defendant failed to object at trial to the admission of evidence relating to the heroin and cash found by the officers. *See State v. Grooms*, 353 N.C. 50, 65, 540 S.E.2d 713, 723 (2000) (A motion to suppress "is not sufficient to preserve for appeal the question of admissibility of evidence if the defendant does not object to that evidence at the time it is offered at trial."). "In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008). Plain error arises when the error is "'so basic, so prejudicial, so lacking in its elements that justice cannot have been done[.]'" *State v. Odom*, 307 N.C. 655, 660,

300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d. 513 (1982)). "Under the plain error rule, defendant must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result." *State v. Jordan*, 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993).

"The fourth amendment as applied to the states through the fourteenth amendment protects citizens from unlawful searches and seizures committed by the government or its agents." *State v. Sanders*, 327 N.C. 319, 331, 395 S.E.2d 412, 420 (1990), *cert. denied*, 498 U.S. 1051, 111 S.Ct. 763, 112 L.Ed.2d 782 (1991). However, police officers "do not violate the [f]ourth [a]mendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." *State v. Garcia*, 197 N.C. App. 522, 528, 677 S.E.2d 555, 559 (2009) (citation and internal quotation marks omitted). As long as "a reasonable person would feel free to disregard the police and go about his business," officers are free to "pose questions, ask for identification, and request consent to search . . . provided they do not induce cooperation by coercive

means[.]" *State v. Williams*, 201 N.C. App. 566, 569, 686 S.E.2d 905, 907 (2009) (citation and internal quotation marks omitted). Only once the encounter loses its "consensual nature" does the fourth amendment apply. *Garcia*, 197 N.C. App. at 528, 677 S.E.2d at 559 (citation and quotation omitted). A seizure occurs when an officer, "by means of physical force or show of authority, terminates or restrains [that person's] freedom of movement[.]" *State v. Isenhour*, 194 N.C. App. 539, 542, 670 S.E.2d 264, 267 (2008) (citation and quotation omitted). Circumstances rising to the level of a seizure include "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Williams*, 201 N.C. App. at 569, 686 S.E.2d at 908 (citation omitted).

In *Isenhour*, the defendant sat inside his parked vehicle, which was located in an area known for prostitution and illegal drug activity. *Isenhour*, 194 N.C. App. at 540, 670 S.E.2d at 266. Defendant remained in his vehicle for ten minutes as officers observed him. *Id*. Two officers, in uniform, parked their marked patrol vehicle eight feet away from the defendant.

*Id.* The officers approached the defendant, became suspicious of the defendant's stated reasons for his presence in the parking lot, and asked the defendant to exit his vehicle. *Id.* at 541, 670 S.E.2d at 266. The officers patted the defendant down and obtained consent to search his vehicle. *Id.* This Court held that the encounter between the defendant and the officers was not a seizure subject to fourth amendment protection because: 1.) the officers' patrol car did not obstruct the defendant's vehicle; 2.) neither officer exhibited a "show of force" through their demeanor as the encounter "proceeded in a non-threatening manner[;]" and 3.) the officers did not use their police siren on their vehicle, activate their blue strobe lights, or remove their guns from their holsters. *Id.* at 544, 670 S.E.2d at 268.

As in *Isenhour*, the interaction between defendant and the officers in this case was consensual. Officers observed defendant's vehicle parked in an area known for drugs and crime. The officers did not block defendant with their patrol vehicle, but instead parked a "space and a half away, on the left side of [defendant's] vehicle." The patrol vehicle's blue lights were never activated and neither officer removed his gun from his holster. Officer Jarmiello approached the driver's side of defendant's vehicle to find out why defendant was in the area.

Defendant started to shake and move, so for safety reasons officer Jarmiello politely asked defendant if he would be willing to exit the vehicle and talk. Defendant consented by saying "yes, okay," and he exited the vehicle. Officer Jarmiello then asked defendant if he possessed anything illegal in his vehicle, to which defendant said "no[.]" Thereafter, officer Jarmiello asked for consent to search the vehicle. Defendant replied "yeah, you can, there's no problem." In addition to providing consent to search his vehicle, defendant also provided consent to search his person. During his conversation with defendant, officer Jarmiello never raised his voice and both officers acted in a non-threatening manner. Based on the totality of the circumstances, the incident lacked the show of force necessary to convert the consensual encounter into a seizure. Thus, the trial court did not err in admitting the evidence found in defendant's vehicle and on his person because the evidence was derived from a consensual encounter.

**b.) Reasonable Suspicion**

Next, defendant argues that the purported seizure was unsupported by reasonable suspicion. However, since we have ruled that no seizure existed, reasonable suspicion was not required, and defendant's argument necessarily fails. *See State*

*v. Brooks*, 337 N.C. 132, 142, 446 S.E.2d 579, 586 (1994) (asserting that reasonable suspicion is not required for consensual encounters).


### III. Conclusion

In sum, the trial court did not err by admitting evidence found on defendant and in his vehicle because the evidence was derived from a consensual encounter.

No error.


Judge McGEE and Judge HUNTER, Robert C., concur.

Report per Rule 30(e).